RECORD NUMBER: 12-4970

# United States Court of Appeals

### *for the*

# Fourth Circuit

UNITED STATES OF AMERICA,

*Appellee,*

– v. –

CHRISTOPHER RON HILL,

*Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA AT GREENSBORO

# OPENING BRIEF OF APPELLANT

JONATHAN LEONARD
LAW OFFICE OF
  JONATHAN LEONARD
**1171 West Fourth Street**
**Winston-Salem, NC 27101**
**(336) 748-0449**

*Counsel for Appellant*

CP  COUNSEL PRESS • VA – (800) 275-0668

# **TABLE OF CONTENTS**

TABLE OF CITATIONS ................................................................. ii

INTRODUCTORY STATEMENT ............................................... 1

STATEMENT OF JURISDICTION............................................. 1

STATEMENT OF ISSUES FOR REVIEW .................................. 2

STATEMENT OF THE CASE.................................................... 2

STATEMENT OF THE FACTS ................................................. 6

SUMMARY OF THE ARGUMENT ........................................... 9

ARGUMENT ........................................................................ 10

    I.    THE TRIAL COURT ABUSED ITS DISCRETION BY
          IMPOSING AN UNREASONABLE SENTENCE AT THE
          DEFENDANT/APPELLANT'S RE-SENTENCING
          HEARING .................................................................. 10

    II.   THE TRIAL COURT COMMITTED CLEAR ERROR BY
          NOT GRANTING THE DEFENDANT/APPELLANT A
          DOWNWARD ADJUSTMENT FOR ACCEPTANCE OF
          RESPONSIBILITY ................................................... 10

        STANDARD OF REVIEW ................................................. 10

        STATEMENT OF THE CASE ........................................... 11

        ARGUMENT.................................................................. 11

CONCLUSION ..................................................................... 14

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

i

# TABLE OF CITATIONS

## CASE AUTHORITY:

Anders v. California,
        386 U.S. 738 (1967).........................................................................2, 5-6

Dorsey v. United States,
        132 S. Ct. 2321 (2012)...............................................................11, 12

United States v. Booker,
        543 U.S. 220 (2005)...........................................................................11

United States v. Green,
        436 F.3d 449 (4th Cir. 2006) ...........................................................10

United States v. Hill,
        450 Fed. Appx. 250 (4th Cir. 2011) ...................................................4

United States v. McAllister,
        272 F.3d 228 (4th Cir. 2001) ...........................................................11

United States v. Pauley,
        511 F.3d 468 (4th Cir. 2007) ...........................................................11

United States v. Ruhe,
        191 F.3d 376 (4th Cir. 1999) ......................................................10, 13

United States v. Simmons,
        649 F.3d 237 (4th Cir. 2012) ......................................................2, 4, 5

United States v. Strandquist,
        993 F.2d 395 (4th  Cir. 1993) ...........................................................12

United States v. Susi,
        674 F.3d 278 (4th Cir. 2012) ...........................................................11

## UNITED STATES CODE:

18 U.S.C. § 3553 .................................................................................... 4, 12

18 U.S.C. § 3741(a) ................................................................................... 1

21 U.S.C. § 841(a)(1) ............................................................................. 2, 3

21 U.S.C. § 841(b) .................................................................................... 2

21 U.S.C. § 841(b)(1)(A) ....................................................................... 2, 3

21 U.S.C. § 841(b)(1)(B) ....................................................................... 2, 3

21 U.S.C. § 846 ...................................................................................... 2, 3

21 U.S.C. § 856(a)(1) and (b) .................................................................. 2

28 U.S.C. § 1291 ....................................................................................... 1

## UNITED STATES SENTENCING GUIDELINES:

U.S.S.G. § 2D1.1(a)(5) and (c)(7) ......................................................... 12

U.S.S.G. § 3E1.1 ................................................................................. 12, 13

U.S.S.G. § 4A1.1 ...................................................................................... 4

## FEDERAL RULES OF APPELLATE PROCEDURE:

Fed. R. App. Proc. Rule 4(b) ................................................................... 1

## INTRODUCTORY STATEMENT

This brief is submitted on behalf of Christopher Hill, the Defendant/Appellant in the court below. The Plaintiff/Appellee, the United States of America, was the Prosecution/Plaintiff in the court below.

## STATEMENT OF JURISDICTION

The instant appeal arises from the criminal prosecution of Christopher Hill (hereinafter "the Defendant/Appellant") in the District Court for the Middle District of North Carolina. Jurisdiction is conferred upon the Fourth Circuit Court of Appeals pursuant to 18 U.S.C. § 3741(a), 28 U.S.C. § 1291, and Rule 4(b), Federal Rules of Appellate Procedure.

On June 28, 2010, the Defendant/Appellant entered a plea of guilty to Count IV. The court accepted his guilty plea. (*See.* Plea Agreement, district court docket no. 60, *See.* Transcript, district court docket no. 64.). Subsequently, the Defendant/Appellant filed several *pro se* motions prior to his sentencing hearing. (*See.* Pro Se Motion, district court docket no. 61, 63, 65, 66, 67, 72, 73, 75, 92, and 93). Counsel for the Defendant/Appellant also filed a motion to withdraw his plea. (*See.* Motion to Withdraw Plea, district court docket no. 87). These motions were denied and the Defendant/Appellant was sentenced to 300 months imprisonment on January 13, 2011. (*See.* Judgment, district court docket no. 99) The Defendant/Appellant appealed the judgment on January 19, 2011. (*See.* Notice

of Appeal, district court docket no. 97)  On May 10, 2011, counsel for the

Defendant/Appellant filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738,

87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  The Defendant/Appellant filed a *pro se*

supplemental brief on July 14, 2011.  On October 7, 2011 counsel for the

Defendant/Appellant filed a motion to remand in light of <u>United States v. Simmons</u>

649 F.d 237 (4th Cir. 2011).  This motion was consented to by the Government.

On September 28, 2012 the Defendant/Appellant was re-sentenced to 144

months (*See*. Judgment, district court docket no. 124).  The Defendant/Appellant

filed a *pro se* premature Notice of Appeal on October 10, 2013. (*See*. Notice of

Appeal, district court docket no. 122).

### <u>STATEMENT OF ISSUE FOR REVIEW</u>

I.    AFTER EXTENSIVE AND THOROUGH RESEARCH, COUNSEL FOR THE APPELLANT HAS CONCLUDED THAT THERE ARE NO MERITORIOUS GROUNDS TO BE RAISED ON HIS BEHALF ON THIS APPEAL.

### <u>STATEMENT OF THE CASE</u>

On March 17, 2010, the Defendant/Appellant was arrested on a Federal

Criminal Complaint alleging violations of 21 U.S.C. Code §§ 846 and 841(a)(1)

and (b)(1)(A), 21 U.S.C. Code §§ 846 and 841(a)(1) and (b)(1)(B) and 21 U.S.C. §

856 (a)(1) and (b).  On March 29, 2010, the Defendant/Appellant was charged

pursuant to a four-count Indictment.

2

The counts charged in the Indictment were: Count I, a violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), conspiracy to distribute cocaine base ("crack"); Count II, a violation of Title 21 U.S.C. § 841(a)(1) and (b)(1)(B), possess with intent to distribute cocaine base ("crack"); Count III, a violation of Title 21 U.S.C. § 856 (a)(1) and (b), maintain a drug involved premises; and Count IV, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), possess with intent to distribute cocaine base ("crack").

On April 26, 2010, the Defendant/Appellant was charged pursuant to a Superseding Indictment, which amended a date in Count I and added Count V, charging the Defendant/Appellant with violating 21 U.S.C. § 856 (a)(1) and (b), maintain a drug-involved premises. The Defendant/Appellant entered a plea of guilty to Count IV, which was accepted by the court on June 28, 2010. (*See.* Plea Agreement, district court docket no. 60, *See.* Transcript, district court docket no. 64.). The Defendant/Appellant was sentenced by the District Court to serve 300 months on Count IV of the Indictment. (*See.* Judgment, district court docket no. 99). On January 19, 2011, the Defendant/Appellant filed notice of appeal. (*See.* Notice of Appeal, district court docket no. 97).

On October 17, 2011, This Honorable Court, in an unpublished opinion, affirmed the Defendant/Appellant's conviction, concluding that the district court did not abuse its discretion when it denied his motion to withdraw the guilty plea.

3

This Court held that the Government did not breach the Defendant/Appellant's plea agreement.  United States v. Hill. 450 FED. APPX. 250, 252 (4th Cir. 2011).

Further, the Defendant/Appellant's claim of ineffective assistance of counsel was not ripe for review, because no evidence appeared on the record that would support a conclusion that counsel was ineffective.  This Court declined to consider the Defendant/Appellant's contention that the district court erred by failing to dismiss his indictment, which was the result of a complaint and an arrest warrant based on falsified evidence. The Court noted that these claims were antecedent, non-jurisdictional claims that were not cognizable on appeal.  Nonetheless, The Defendant/Appellant's case was remanded for re-sentencing in light of Simmons for a determination whether the Defendant/Appellant was a career offender. Id. at 253-254.

On September 28, 2012, the Defendant/Appellant appeared before the Honorable William L. Osteen, Jr., in the District Court for the middle District of North Carolina for re-sentencing.  The Defendant/Appellant was sentenced pursuant to 18 U.S.C. § 3553.  In calculating the appropriate Guideline range, the court found that the Defendant/Appellant was accountable for 90 grams of cocaine base. (*See.* Amended Judgment, district court docket no. 128, Memorandum PSR). The Defendant/Appellant's base offense level was 26 and had a criminal history of VI.  pursuant to U.S.S.G. § 4A1.1. (*See* Transcript, district court docket no. 124,

4

Memorandum PSR). The court examined the amended Guidelines and determined that the calculation for a total offense level of 26 with a criminal history category of VI was a "guideline imprisonment range of 120 to 150 months. A supervised release range of four to five years. A fine range of $12,500 to $5,000,000. And [that] a special assessment of $100 is mandatory." (Transcript of Sentencing, pp. 3-4, *See* Transcript, district court docket no. 124).

In rendering its new sentence, the court considered the Defendant/Appellant's prior criminal record, his unwillingness to show remorse until he testified on a motion to withdraw his guilty plea at the motion hearing, the extent of his drug operation, the damage he caused to others and the community as a whole, as well as <u>Simmons</u> and the amended Guidelines. (Transcript of Sentencing, pp. 8-11, *See* Transcript, district court docket no. 124). The Defendant/Appellant was re-sentenced to serve 144 months imprisonment, five years of supervised release with added special conditions and a $100.00 assessment, which Judge Osteen felt was "sufficient but not greater than necessary." (Transcript of Sentencing pp. 8-11, *See* Transcript district court docket no. 124).

After thorough research of the complete record of this case, counsel for the Defendant-Appellant has concluded that no meritorious issues can be raised on his appeal. Thus, the instant brief is submitted pursuant to <u>Anders v. California</u>, 368

U.S. 738 (1967).

## STATEMENT OF FACTS

Officers from the Greensboro, North Carolina Police Department had been conducting surveillance of a residence located at 1923 Opal Drive, Greensboro, North Carolina (hereinafter "the house"). On the morning of May 29, 2009, law enforcement collected trash from a container taken outside of the house for collection. The officers knew that the Defendant/Appellant and Kala Sellars (hereinafter "Sellars") lived in the house because both the Defendant/Appellant and Sellars had been seen coming and going from the house in cars, and documents as well as other items found in the trash confirmed that both the Defendant/Appellant and Sellars resided in the house. A state search warrant was obtained based on the aforementioned information. (*See* Factual Basis, district court docket no. 41).

On the same day, the Greensboro Police Department executed the search warrant on the house and found 24.7 grams of cocaine base above the kitchen cabinets, as well as male and female clothing. Officers talked with Sellars during the search. She said that the Defendant/Appellant and Sellars had lived in the house for three years and identified some items in the house that belonged to the Defendant/Appellant. Further, she stated that they were in the process of separating and said that she wanted to cooperate with law enforcement.

Officers found $8,320.00 in cash hidden in an automobile titled to the Defendant/Appellant that was parked at the house. The money was seized and forfeited. The officers found a large digital weighing scale hidden in some of the automobile's rear-seat speakers. During a subsequent investigation, the landlord of the house produced a copy of a lease that Sellars executed on August 25, 2006. According to the landlord, Sellars and the Defendant/Appellant initially said that they were going to live in the house together and sign the lease, but the Defendant/Appellant decided that Sellars alone would be the named tenant on the lease after the Defendant/Appellant learned that "the names had to be run." Sellars and the Defendant/Appellant were both charged by the State of North Carolina, and released on bond. (*See* Factual Basis, district court docket no. 41).

Although Sellars later agreed to cooperate with law enforcement and gave a statement, she decided to warn the Defendant/Appellant of law enforcement's actions. Sellars statement revealed that she and the Defendant/Appellant had been living together in the house since 2006 and at another location before 2006. Sellars indicated that she knew the Defendant/Appellant was cooking cocaine powder into cocaine base by using mixing bowls and a microwave oven at the house. Sellars said that she usually distanced herself from this drug activity in the house or elsewhere when it occurred.

On March 17, 2010, an arrest warrant and a criminal complaint were issued

7

for the Defendant/Appellant, who was taken into custody while visiting his probation officer in High Point. While transporting the Defendant/Appellant to the Guilford County Jail, Greensboro Police Detective Dwayne James observed the Defendant/Appellant talking to Latia Burke (hereinafter "Burke") via cellular telephone in the back-seat of a High Point Police Department car. (*See* Factual Basis, district court docket no. 41)

Detectives went to 5328 Fox Cove Lane, Apartment L, Greensboro (hereinafter "the apartment"), where they knew the Defendant/Appellant was living. Burke answered the door and allowed the officers to enter. Although Burke said that she had not talked to the Defendant/Appellant for a long time, she said that the Defendant/Appellant had just called her when confronted with the cellular telephone call. Burke pointed out where the Defendant/Appellant's belongings were inside the apartment. She said that the Defendant/Appellant had been living there but was in the process of moving out. (*See* Factual Basis, district court docket no. 41).

Documents were found in the apartment as well and two forms of North Carolina state-issued identification in the Defendant/Appellant's name. A search yielded marijuana, 3.0 grams of cocaine base, weighing scales, and a bottle of inositol in the kitchen. A marked unit was called to take Burke into custody.

While the officers were present, Burke was allowed to move around the

8

apartment, making and receiving various cellular telephone calls. The officers later discovered that the Defendant/Appellant called Burke via a three-way telephone call from the Guilford County Jail. The Defendant/Appellant pointedly asked Burke if "the work" had been removed from the apartment. Burke eventually said that "the work" was on her person. The officers let Burke know that she was under arrest.

Subsequently, Burke said that she had to go to bathroom and tried to enter the bathroom unaccompanied, which the officers would not allow. An officer stayed with Burke, who told the officer that she wanted to talk. When the officer asked if Burke had anything illegal on her, Burke got very nervous. The officer discovered three baggies of cocaine base in Burke's underwear, which subsequent analysis revealed to be 90.7 grams of cocaine base. (*See* Factual Basis, district court docket no. 41).

## SUMMARY OF THE ARGUMENT

Counsel submits this brief pursuant to Anders v. California, 386 US 738 (1967). The Defendant/Appellant questions whether the District Court abused its discretion in its' re-sentencing. Further, the Defendant/Appellant questions whether the District Court's decision to withhold a downward variance for acceptance of responsibility amounts to clear error.

After a thorough review of the Defendant/Appellant's case, counsel has

found no meritorious issues upon which his appeal can be mounted.  However,

counsel has identified the issues that would normally be raised on appeal.

## ARGUMENT

**I.    THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING AN UNREASONABLE SENTENCE AT THE DEFENDANT/APPELLANT'S RE-SENTENCING HEARING.**

**II.   THE TRIAL COURT COMMITTED CLEAR ERROR BY NOT GRANTING THE DEFENDANT/APPELLANT A DOWNWARD ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY.**

**Standard of Review:**

When reviewing a sentence imposed by the trial court, an appellate court

must review a sentence for "unreasonableness." US v. Green 436 F. 3d 449, 456.

(4th Cir. 2006).  Whether the lower court acted unreasonably requires the

application of an abuse of discretion standard to the lower court's sentence. Id. At

457.

The district court's determination that a defendant has not accepted

responsibility for his criminal conduct is a factual finding reviewed for clear error.

United States v. Ruhe, 191 F.3d 376, 388 (4th Cir. 1999).

Under the rule enunciated in Anders v. California, in order to affirm the

judgment of the District Court, the Court of Appeals must find that the instant

appeal is wholly frivolous.

10

**Statement of the Case:**

The Defendant/Appellant's Guideline range was 120 months to 150 months.  The trial court sentenced the Defendant/Appellant to 144 months, which is within the Guideline range. (*See* Amended Judgment, district court docket no. 124).  According to the court in Dorsey v. United States, 132 S. Ct. 2321, under Count IV, the Defendant/Appellant was eligible for not less than 5 years imprisonment or more than 40 years imprisonment.  The maximum possible penalty under count IV was 40 years, and the Defendant/Appellant was sentenced to less than 40 years.

**Argument:**

In United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007), the court said, "[t]his abuse of discretion standard of review involves two steps, the first examines the sentence for significant procedural errors, the second looks at the substance of the sentence." Id., at 473.  The Guideline range must be taken into account by the district court, but the court is not bound by it. United States v. Booker, 543 U.S. 220, 248 (2005).  A sentence within the Guideline range is presumed to be reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).  In addition, the provisions of 21 U.S.C. § 841 are facially constitutionally valid. United States v. McAllister, 272 F.3d 228, 230.  (4th Cir. 2001).

11

The Defendant/Appellant was sentenced pursuant to 18 U.S.C. § 3553. At his re-sentencing hearing, he received 144 months in prison. In calculating the appropriate Guideline range, the court found that the Defendant/Appellant was accountable for 90 grams of cocaine base. (*See* Amended Judgment, district court docket no. 124, Amended PSR, Transcript of Sentencing p. pp. 8-11). The Defendant/Appellant's base offense level was a 26 pursuant to U.S.S.G. § 2D1.1(a)(5) and (c)(7). His criminal history category was VI with a Guideline range of 120 months to 150 months. The trial court sentenced the Defendant/Appellant to 144 months, which is within the Guideline range. Id. Pursuant to Dorsey, the Defendant/Appellant was eligible, under count IV, for not less than 5 years imprisonment or more than 40 years imprisonment. The maximum possible penalty under count IV was 40 years, and the Defendant/Appellant was sentenced to less than 40 years. Therefore, the new sentence is not unreasonable.

In addition, the Defendant/Appellant did not receive a two-to-three point reduction in his sentence pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility. According to the court in United States v. Strandquist, 993 F.2d 395 (4th Cir. 1993), "determining whether the defendant should receive the benefit for a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1 is a factual finding to be reviewed under the clearly erroneous standard." Id.,

12

at 401. The Guidelines set forth the circumstances that entitle a defendant to an

adjustment under U.S.S.G. § 3E1.1 by stating:

> (a) If the defendant clearly demonstrates acceptance of
> responsibility for his offense, decrease the offense level by 2
> levels;
> (b) If the defendant qualifies for a decrease under subsection (a),
> the offense level determined prior to the operation of subsection
> (a) is level 16 or greater, and upon motion of the government
> stating that the defendant has assisted authorities in the
> investigation or prosecution of his own misconduct by timely
> notifying authorities of his intention to enter a plea of guilty,
> thereby permitting the government to avoid preparing for trial and
> permitting the government and the court to allocate their resources
> efficiently, decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1.

According to Ruhe, clear error is the standard upon which a district court's factual

finding of acceptance of responsibility is to be determined. Id., at 388. Because the

sentencing court "is in a unique position to evaluate a defendant's acceptance of

responsibility," the guidelines specifically provide that the court's determination" is

entitled to great deference on review." USSG § 3E1.1, comment. (n.5). The trial

court has discretion in deciding whether to grant an adjustment for acceptance of

responsibility.

The court's failure to find that the Defendant/Appellant accepted

responsibility for his criminal conduct does not constitute clear error. The

Defendant/Appellant's motions to withdraw his plea, as well as his reluctance to

admit to any criminal liability until the motion hearing, could be deemed to be

contrary to his acceptance of responsibility.  The new sentence is within the

District Court's discretion.

## **CONCLUSION**

There are no appealable issues that can be raised in this appeal.

This the 5th day of March, 2013

Respectfully submitted,
/s/Jonathan Leonard
N.C. State Bar #29317
1171 West Fourth Street
Winston-Salem, NC 27101
336/748-0449
Fax: 336/748-0442

14

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. _____          Caption: _____

### CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1.    This brief complies with the  type-volume limitation of Fed. R. App. P. 28.1(e)(2) or
      32(a)(7)(B) because:

*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief
may not exceed 14,000 words or 1,300 lines; Appellee's Opening/Response Brief may not exceed
16,500 words or 1,500 lines; any Reply or Amicus Brief may not exceed 7,000 words or 650
lines; line count may be used only with monospaced type]*

      [ ]     this brief contains _____ [*state the number of*] words, excluding the
              parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

      [ ]     this brief uses a monospaced typeface and contains _____ [*state the
              number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App.
              P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the
      type style requirements of Fed. R. App. P. 32(a)(6) because:

*[14-point font must be used with proportional typeface, such as Times New Roman or CG Times;
12-point font must be used with monospaced typeface, such as Courier or Courier New]*

      [ ]     this brief has been prepared in a proportionally spaced typeface using
              _____ [*state name and version of word processing program*] in
              _____ [*state font size and name of the type style*]; or

      [ ]     this brief has been prepared in a monospaced typeface using
              _____ [*state name and version of word processing program*]
              with _____ [*state number of characters per inch and name
              of type style*].

(s)_____

Attorney for_____

Dated:_____

Rev. 03/03/11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 5, 2013, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF System, which will

send notice of such filing to the following registered CM/ECF users:

Clifton Thomas Barrett
Office of the United States Attorney
101 South Edgeworth Street
P. O. Box 1858
Greensboro, NC 27401-0000
T: 336-333-5351
USANCM.ECFCENTRAL@usdoj.gov

*/s/ Catherine B. Simpson*
Counsel Press LLC
1011 East Main Street
Suite LL-50
Richmond, Virginia 23219
(804) 648-3664


Filing and service were performed by direction of counsel